THE STATE v. JOHN AGEE, Appellant.

**Division Two, February 12, 1910.**

**BILL OF EXCEPTIONS: Not Identified or Approved.** If the bill of exceptions is not identified or signed by the judge of the court wherein the case was tried, nothing but the record proper can be considered on appeal; and if the information is in due form and fully advises the defendant of the accusation against ·him, and the record otherwise appears to be free from error, the judgment of conviction will be affirmed.

Appeal from Buchanan Criminal Court.—*Hon. Thos. F. Ryan,* Judge.

AFFIRMED.

*Hobson. Hoar* for appellant.

*Elliott W. Major,* Attorney-General, and *James T. Blair,* Assistant Attorney-General, for the State.

(1) The certificate to the transcript recites that "the foregoing is a full, true and complete copy of the files and record entries and order allowing appeal, and bill of exception . . . and is in the following words and figures, to-wit: . . . In testimony whereof, I hereunto set my hand and affix the seal," etc. Appended to this transcript of the record entries, certified as indicated, are some fifty or sixty pages of typewritten matter designated "Bill of exceptions." The bill is not properly identified. If the recital in the clerk's certificate, which precedes what purports to

be the bill, indicates anything, it indicates that the certificate pertains to the "foregoing" matter. The bill of exceptions cannot be considered. State v. Baty, 166 Mo. 563; State v. Weinegard, 168 Mo. 491; Reno v. Fitz Jarrell, 163 Mo. 411; Clay v. Pub. Co., 200 Mo. 673; Stark v. Zehnder, 204 Mo. 449. (2) The bill of exceptions does not appear to have been signed by the judge. For that reason, also, matters of exceptions cannot be considered. State v. Collins, 196 Mo. 87. There being no bill of exceptions, and the record proper being free from error, the judgment should be affirmed.

BURGESS, J.—On the first day of February, 1909, the prosecuting attorney of Buchanan county filed, in the criminal court of said county, an information charging the defendant and four others with burglarizing a freight car belonging to the Chicago, Rock Island and Pacific Railway Company, a corporation, and stealing therefrom five cases of whiskey, one sack of coffee, and one barrel of sugar, of the total value of one hundred dollars. Defendant requested and was granted a severance, and a jury was duly impaneled and sworn. The trial resulted in his conviction of both the burglary and larceny, the jury assessing his punishment at five years in the penitentiary for burglary, and three years in the penitentiary for the larceny. Timely motions for new trial and in arrest of judgment were filed, and overruled. Defendant was sentenced on the verdict, and thereafter appealed to this court.

What purports to be a bill of exceptions, filed in this case, is not properly identified, nor is the same signed by the judge of the court before whom the case was tried. By reason of these two fatal defects, the evidence in this case cannot be looked into, and no matter of exception can be considered on this appeal.

The information is in due form, charging the offense in the language of the statute and fully advising the defendant of the accusation against him, and the record otherwise appears to be free from error. The judgment, therefore, is affirmed. All concur.